## MONEY PAID TO WRONG PARTY BY SAVINGS BANK.

[Common Pleas Court of Cuyahoga County.]

### JACOB ANDERSON v. THE HOUGH AVENUE SAVINGS & BANKING COMPANY.

Decided, February 19, 1906.

*Banks and Banking—Liability of Savings Bank—For Money Paid on a Stolen Book—Negligence of Depositor—Reasonableness of Bank's Rules—Questions for the Jury.*

1. While a bank is not an insurer that it will never pay a deposit to the wrong person, it is bound to exercise reasonable care under the circumstances, notwithstanding any of its own rules to the contrary; and reasonable care on the part of a bank is a very high degree of care.

2. The fact that a young man earning wages every day, with no family to support, and in good health, should place his bank book in his trunk and not look for it again for nine months, does not constitute negligence as a matter of law.

3. Whether, the book having been stolen, the payment of the deposit to another constituted negligence on the part of the bank, is a question to be determined by the jury under all the circumstances of the case.

BEACOM, J.

Heard on motion.

The defendant objected to the introduction of any testimony under the pleadings. The opinion of the court on that motion was reserved.

Now at the conclusion of plaintiff's evidence defendant moves the court to direct a verdict for defendant.

It is undisputed that in 1903 the defendant was a savings bank company in the city of Cleveland; that in the summer of that year the plaintiff deposited in said bank $61; that in October of that year one Christianson appeared at the bank with plaintiff's book and an order upon the bank for the payment to Christianson of the entire account, said order purporting to be signed by plaintiff; that defendant then paid to Christianson the entire account; that subsequently, about April, 1904, plaintiff

appeared at the bank and demanded this money, claimed he had not signed the order, claimed that his bank book had been stolen. The bank refusing to make payment, plaintiff brings this action to recover the amount deposited.

It is not disputed as matter of law that plaintiff is bound by the rules of the bank.

The first rule I wish to consider is this:

"As the officers of the company may not be able to identify every depositor, the company will not be responsible for loss sustained where a depositor has not given notice of his or her book being stolen or lost, if such book be paid in whole or in part upon presentation."

That raises the question whether or not the plaintiff contributed to this loss by his own want of care. Plaintiff says he took this book and put it away in a trunk, placing it within some book, and from the time of making this deposit until nine months thereafter he never saw the book. Two minds might differ on that subject. My personal opinion is that that does not constitute negligence on his part. There is nothing exceptional in that a young man earning wages every day, without family to support, in good health, should not have any occasion to look at his bank book during that time. Having no occasion to draw this money, it is not surprising that he should not have looked at the book for nine months. Therefore a court can not say as matter of law that he was negligent.

The next question has to do with the further rule of the bank that, "In all cases, a payment, upon presentation of a deposit book, shall be a discharge to the company for the amount so paid." This rule is in its terms absolute, that, if the book is presented and the company pays out the money, the whole matter becomes then and thereby a closed incident. In other language, it means that a savings bank book is a piece of negotiable paper payable to bearer. Whosoever walks into a bank with it in his hands, if the bank sees fit to pay him because he has that book in his hands, then the bank is thereby released. Several courts of last resort have held that a bank can make such a rule, and that it is a binding and proper one. Others have held contra; that the rule is not absolute, that no one can con-

tract that he shall not be required to exercise reasonable care. The cases are considered, Am. & Eng. Ency. Law., Vol. 24, page 1262, *et seq.* No court in this state seems to have passed on the question. I have no hesitation as to what this court should declare the rule to be. It seems to me that the rule ought to be, that, while the bank is not an insurer that it will never pay to the wrong person, it is bound, any rule to the contrary notwithstanding, to exercise reasonable care in accordance with the circumstances. Reasonable care by a bank is a very high degree of care. That such ought to be the rule is evidenced by the manner in which banks ordinarily act about making payments. No one can ordinarily walk into a bank and get money easily. The ordinary manner in which banks are managed is one of great carefulness, and banks do not ordinarily pay to a person simply because he brings in a book, if he be not known to any one in the bank, and if there be not some circumstance, beyond the mere presenting of the book, which indicates that he is entitled to the money. We would have to keep our bank deposit books locked in safety vaults were it not for this carefulness. It is clearly not the rule that a bank may fail to exercise ordinary care and rely absolutely on the rule.

That leaves nothing for the court to speak of but this: Could there be two opinions about whether or not the bank had exercised reasonable care in the payment of this money. If it be clear that the bank did exercise reasonable care, if no two minds could differ on that subject, then it becomes a matter for the court. I can not say that. It being a matter that people may differ about, the question of whether or not the bank exercised ordinary care in paying out the money must be submitted to the jury. Manifestly, it is not a question for the court to pass on. The issue will be submitted to the jury to say whether or not the plaintiff contributed to this loss by his failure to exercise reasonable care to notify the bank of the loss of his book, and also whether, if he did not so contribute, this bank did exercise reasonable care in paying out this money.

Motion overruled. Defendant excepts.

*Herman J. Nord,* for plaintiff.

*White, Johnson, McCaslin & Cannon,* for defendant.